IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RODNEY OGLESBY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 01-N-1430-S |
| | ) |
| BILLY MITCHEM, Warden; ATTORNEY | ) |
| GENERAL FOR THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

FILED
01 OCT 18 PH 1:09
U.S. DIST COURT
N.D. OF ALABAMA

ENTERED
OCT 18 2001

## MEMORANDUM OF OPINION

On October 1, 2001, petitioner filed a response to the court's order of September 26, 2001. In the response, petitioner accuses the court of dragging its feet when he states "I, petitioner, have for over a year and a half done my best to get rel[ief] thr[ough] this court." Petitioner filed this federal habeas petition on June 4, 2001; therefore, this case been in this court less than five months – not a year and a half.[1]

The magistrate judge's Findings and Recommendation was entered on July 27, 2001, and the Final Judgment was entered August 10, 2001. The Final Judgment was vacated on September 6, 2001 after both respondents and petitioner complained that the court did not give the Attorney General's office a chance to reply to petitioner's July 16, 2001 rebuttal in which petitioner stated that he had filed a second habeas petition in state court. On September 10, 2001 respondents were ordered to file a supplemental response to the Order to Show Cause addressing whether the

---

[1] It is unclear from petitioner's October 1, 2001 response exactly what petitioner seeks. At one point in the response, he asks "If this will do any good for this court to just dismiss this case at this point. At my request. I am not legaly [sic] inclind [sic] to take it futher [sic]." It is clear from the tenor of the remaining portion of the response that petitioner actually only seeks dismissal at his request if he will lose on the defendant's motion for summary judgment when he states "Let the record show I petitioner ask this court for your final judgement. In this case civil action No. 01-N-1430-S. To save paper work. I'm looking for summary judgment, or at denial, dismiss."



second habeas petition should have tolled the limitation period and also addressing the merits. Petitioner was advised that he would be allowed to respond to the supplemental response.

In the supplemental response, the respondents concede that the second habeas petition filed in state court tolled the running of the limitation period under 28 USC § 2241. Respondents argue, however, that because petitioner did not appeal from the denial of his Rule 32 petition or his second habeas petition, the petition should be dismissed to allow petitioner to return to state court and attempt to exhaust his available state court remedies. Respondents stated that depending on how the state court views the claim, the claim may in any event be procedurally defaulted for federal habeas corpus purposes.

In his October 1, 2001 response, petitioner argued, probably correctly so, that to require him to return to state court would be in vain since petitioner claims that his legal sentence expired January 30, 2000 and his sentence according to state records will expire February 8, 2002 - just over 3 months.[2] Because petitioner will in all likelihood be released from custody before petitioner could exhaust his available state remedies, the court concludes that it would be futile to require petitioner to exhaust his state remedies.

Respondents have also responded to the merits of the petition as directed by the court. The court will, therefore, address the merits of the petition.

Respondents direct the court's attention to Alabama Code § 15-22-54 as the appropriate section in light of the state court's revocation of petitioner's probation.[3] The probation

---

[2] The court notes that petitioner apparently sought no judicial review in state or federal court from December 5, 2000 when the second habeas petition was denied until this petition was filed on June 14, 2001.

[3] In state court, respondents relied solely upon § 14-3-38 as justification for their position that petitioner was not illegally detained. See exhibits to document #8. Now, respondents direct the court's attention to § 15-22-54 as the starting point in the matter before the court.

period for petitioner's 1989 Jefferson County sentence was tolled by the issuance of a writ of arrest issued for petitioner on December 18, 1995. *Owens v. State*, 728 So.2d 673, 676 (Ala. Crim. App. 1998), *cert. denied*; *Peoples v. State*, 439 So.2d 774, 775 (Ala. Crim. App. 1983). Petitioner's probation was not revoked until November 19, 1999 when the court executed the original sentence. § 15-22-54(d)(1)e and § 15-22-54(d)(2). Petitioner received credit for time he had already spent in custody on the 1989 Jefferson County sentence. § 15-22-54(d)(3). Although respondents stop their analysis here, the court must continue because when the state court revoked petitioner's probation, the court indicated that the sentence would run concurrent with petitioner's St. Clair County sentences for which petitioner was already serving 15 years. Petitioner, however, was not entitled to credit on his Jefferson County sentence for time already served on his St. Clair sentences. Further, because on November 19, 1999 there was more time remaining on the newly executed 10 year Jefferson County sentence than on the 15 year St. Clair County sentences, the 15 year sentence was subsumed by the 10 year Jefferson County sentence. *Ala. Code* § 14-9-41(g)(2); *Morrison v. State*, 687 So.2d 1259, 1261 (Ala. Cr. App. 1996). Petitioner's continued custody on the 10 year Jefferson County sentence is therefore not unlawful or unconstitutional.

In a separate Final Judgment entered contemporaneously herewith, the petition for writ of habeas corpus will be denied.

DONE this the 18th day of October, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE